IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSVYLANIA

| | |
|---|---|
| KINGVISION PAY-PER VIEW CORP. | CIVIL ACTION |
| vs. | No. 02-CV-4821 |
| SMALL ROLLER, Inc. d/b/a Small Roller and ESRICK O. COPELAND and GLENDA J. COPELAND | |

ORDER

AND NOW, this            day of                   , 2004 upon consideration of the Petition to Open the Judgment it is hereby ORDERED and DECREED that such petition is granted and that the Judgment is opened.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSVYLANIA

| | |
|---|---|
| KINGVISION PAY-PER VIEW CORP. | CIVIL ACTION |
| vs. | No. 02-CV-4821 |
| SMALL ROLLER, Inc. d/b/a Small Roller and ESRICK O. COPELAND and GLENDA J. COPELAND | |

PETITION TO SET ASIDE DEFAULT JUDGMENT PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 55(c)

1. On or about July 19, 2002 plaintiff filed a complaint against defendants for allegedly receiving a pay-per view boxing event which was shown on September 21, 2002 without authorization.

2. Defendants, Small Roller, Inc. Esrick Copeland and Glenda Copeland never received notice of the complaint.

3. On November 4, 2003, the Honorable Cynthia M. Ruffe entered a default judgment against defendants in the amount of $3,465.

4. Defendants were unaware of such judgment until September 10, 2004 when they were served with a levy by the Sheriff of Philadelphia County.

5. Plaintiff's alleged caused of action according to their complaint is for a boxing event that took place on September 21, 2001.

6. Defendants deny that the boxing event in question was shown in their establishment.

7. Pursuant to Rule 55(c) for good cause shown the court may set aside a default judgment.

WHEREFORE, defendants request this Honorable Court to open the default judgment.

Respectfully submitted,

_____
John J. McCreesh, IV, Esq.
Attorney for Defendants

7053 Terminal Square
Upper Darby, PA 19082
(610)- 734-2160

Attorney ID #68944

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSVYLANIA

| | |
|---|---|
| KINGVISION PAY-PER VIEW CORP. | CIVIL ACTION |
| vs. | No. 02-CV-01103 |
| SMALL ROLLER, Inc. d/b/a Small Roller and ESRICK O. COPELAND and GLENDA J. COPELAND | |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S PETITION TO SET ASIDE DEFAULT JUDGMENT

A. FACTS

Small Roller, Inc. Esrick Copeland and Glenda Copeland contend that they never received the summons and complaint nor any other notice of this action until September 2004 when a Philadelphia Sheriff served them with a levy. Plaintiff has alleged that defendants broadcast a September 21, 2001 boxing event without paying for same. On November 4, 2003 the Honorable Cynthia M. Ruffe entered a default judgment against defendants.

B. ARGUMENT

Under Rule 55(c) of the Federal Rules of Civil Procedure the court for good cause shown may set aside an entry of default. "Default judgments are greatly disfavored by the courts and 'in a close case, doubts should be resolve in favor of setting aside the default and reaching the merits." Reilly v. Keystone Health Plan East, Inc. 1998 WL 422037 (Memorandum Op. E.D. Pa. 98-civ-1648, McGlynn, J.), citing Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987).

In deciding whether to set aside an entry of default the court should consider the following four factors: (1) whether the plaintiff would be prejudiced by setting aside the default; (2) whether the defendant has a meritorious defense; (3) whether the default resulted from the defendant's own culpable conduct; and whether alternative sanctions would be effective. New Forum Publisher's v. The National Organization for Children, 2003 WL 22016941, *3 (2003 Memorandum Op. 02-civ-1737, Robreno, J.) "While all four factors are relevant, the 'threshold question' is whether the defendant has alleged facts which, if established at trial, would constitute a meritorious defense to the cause of action." Id.

First, Defendants have alleged a meritorious defense in that defendants deny that the boxing event was shown. Therefore, defendants have raised a meritorious defense.

Second, Plaintiff has not been prejudiced. Prejudice is demonstrated where, "circumstances have changed since entry of the default such that plaintiff's ability to litigate its claim is now impaired in some material way or relevant evidence has become lost or unavailable." Reilly, supra at *2. See also Feliciano v. Reliant Tooling Company, 691 F.2d 653, 657. (3rd Cir. 1982). There is nothing to suggest that plaintiff cannot still adequately present their case.

Third, defendant's conduct was not culpable. Defendant's have alleged that they never received notice of the action. Upon receipt of the levy, their first notice of the action they immediately hired counsel to research the judgment and try to resolve the case with plaintiff. Not being able to resolve the case, they filed this petition in a timely matter.

C. <u>CONCLUSION</u>

Courts disfavor default judgments so that cases can be decided on their merits. Although, this default was entered in November 2003, defendant had no reason to know of the default

because plaintiff had taken no action to enforce the judgment until September 2004 when a levy was served upon defendant. Upon learning of the judgment for the first time, defendants filed this petition to set aside the judgment. As to the threshold issue of whether defendants have a meritorious defense, defendants have denied that they showed the boxing event in question. Therefore, defendants request this court to set aside the default judgment.

                                                                     Respectfully submitted,

                                                                     _____
                                                                     John J. McCreesh, IV, Esq.
                                                                     Attorney for Defendants

                                                                     7053 Terminal Square
                                                                     Upper Darby, PA 19082
                                                                     (610)- 734-2160

                                                                     Attorney ID #68944

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSVYLANIA

---

| | |
|---|---|
| KINGVISION PAY-PER VIEW CORP. | CIVIL ACTION |
| vs. | No. 02-CV-4821 |
| SMALL ROLLER, Inc. d/b/a Small Roller and ESRICK O. COPELAND and GLENDA J. COPELAND | |

_____

CERTIFICATE OF SERVICE

      I, John J. McCreesh, IV, Esquire, hereby certify that a true and correct copy of the Motion to Dismiss was served by First Class Mail upon the following:

    Ronald J. Harper, Esq.
    Sharon N. Harvey, Esq.
    Harper & Paul
    140 West Maplewood Ave.
    Philadelphia, PA 19144

    Howard S. Klein, Esq.
    1315 Walnut Street
    Suite 1200
    Philadelphia, PA 19107

                                                  _____
                                                  John J. McCreesh, IV, Esq.

Date:  11/9/2004