## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KINGVISION PAY-PER-VIEW CORP. : | |
| : | |
| v. : | CIVIL ACTION |
| : | NO. 02-4821 |
| SMALL ROLLER INC. d/b/a SMALL : | |
| ROLLER, and ESRICK O. COPELAND : | |
| and GLENDA J. COPELAND : | |

### ORDER

**AND NOW**, this 10th day of May, 2005, upon consideration of Defendants' Petition to Set Aside Default Judgment [Doc. # 17], and upon review of the dockets for this case,[1] it is hereby **ORDERED** that Defendants' Motion is **DISMISSED** with prejudice. The Court will not set aside the default judgment in this matter.

It is so **ORDERED.**

BY THE COURT:

**CYNTHIA M. RUFE, J.**

---

[1] The Court finds that each Defendant was personally served with the summons and Complaint on July 31, 2002. Therefore, Defendants' argument that they never received notice of the Complaint is without merit.
    Furthermore, Defendants waited over a year after default judgment was entered before filing the present Motion, and therefore their Petition is untimely. Defendants argue that they were unaware of the judgment until they were served with a levy on September 10, 2004. However, Plaintiff's Motion for Default Judgment was accompanied by a certificate of service, which certified that Plaintiff sent Defendants copies of the Motion by mail on April 2, 2003. Additionally, the dockets reflect that the Court sent Defendants notice of the hearing on Plaintiff's Motion, which was held on October 27, 2003. Accordingly, the Court finds that Defendants had reason to know that the Court was likely to enter default judgment against them, and the Court will not reverse its decision simply because Defendants chose not to learn whether the Court had entered judgment against them until the levy was served by Plaintiff.